**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
Pikeville Division**

IN RE:

| | |
|---|---|
| ALMA ENERGY, LLC | CHAPTER 11 |
| (Debtor) | CASE NO. 07-70370 |
| | **(J**udge Howard) |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE DEBTOR'S
MOTION TO APPROVE SETTLEMENT**

Comes Richard F. Clippard, United States Trustee, ("United States Trustee") by counsel, and objects to the Motion of Alma Energy LLC, Debtor-In-Possession, for Order Approving Settlement of Adversary Proceeding Numbers 07-7025 and 07-7032 and Related Litigation (the "Motion") (Document No. 184).  As grounds in support of this Objection the United States Trustee states as follows:

1. This Chapter 11 Case was filed on August 13, 2007.

2. The Debtor filed the Motion on December 20, 2007.

3. The United States Trustee objects to the following provisions of the Motion and the underlying Settlement Agreement (the "SA"):

    A. Pursuant to Section 43(d) of the Motion (Section 7 of SA), there are mutual releases between various parties but the documents fail to provide sufficient information to determine what potential claims are being released.

    B. Pursuant to Section 43(e) of the Motion (Section 8 of SA), there are releases of Shelton and Pruitt, but the documents fail to provide sufficient information to determine what potential claims are being released.

1

C. Pursuant to Section 43(h) of the Motion (Section 11 of SA), there are releases by the Debtor and others of claims and causes of action, but the documents fail to provide sufficient information to determine what potential claims are being released.

D. Pursuant to Sections 43(j) and (m) of the Motion (Sections 13 and 16 of the SA), various assets, all or some of which are apparently owned by the Debtor, are being transferred to other entities but the documents fail to provide sufficient information to determine what claims such entities have, if any, to the assets being transferred and the impact, if any on the Debtor's ability to operate if such transfers are made.

E. Pursuant to Section 43(p) of the Motion (Section 19 of the SA), payment priority is to THC or its designee. The Debtor must first pay its "U.S. Trustee Fees" if the Debtor desires to remain in Chapter 11.

F. Pursuant to Section 43(x) of the Motion (Section 27 of the SA), various claims are deemed valid and allowed. The Creditors Committee should be allowed a reasonable time to evaluate such claims. Additionally or alternatively, more detail should be provided by the Debtor regarding such claims and why the claims are to be allowed.

G. Especially troublesome is Section 31 of the Settlement Agreement wherein the terms of the Pike Settlement, including consideration paid, IS NOT DISCLOSED. Such disclosure is a fundamental part of settlement evaluation. Failure to disclose this information is, in and of itself, sufficient reason to deny the Motion.

2

      Additionally, if the Debtor has failed to disclose any other settlement terms in any of the matters the Debtor seeks to settle by the Motion, all such undisclosed terms must be fully disclosed prior to the Court ruling on the Motion.

  H. Pursuant to Section 43(z) of the Motion (Section 29 of the SA) the Debtor agrees not to object to a certain claim. The Debtor has a duty to examine claims and determine validity if a purpose will be served by such examination and this is especially true if there is a "distribution" expected in the Case. Any provision in the Motion or the SA which attempts to limit the Debtor's ability to evaluate the validity and extent of claims, whether specifically listed in this Objection or not, is objected to. The Creditors Committee should be allowed a reasonable time to evaluate such claims. Additionally or alternatively, more detail should be provided by the Debtor regarding such claims and why the claims are to be allowed.

  I. Pursuant to Section 43(ll) of the Motion (Section 45 of the SA) the Debtor agrees that any future bankruptcy case would be filed in the Commonwealth of Virginia. The proper location for a bankruptcy case is "a creature of statute" and the parties can not contract in contradiction of statutes. To the extent Virginia would not be an appropriate location for a future bankruptcy case due to the nature of the Debtor and its operations, the United States Trustee objects to such a provision.

4. In conclusion, as more particularly discussed above, the Motion fails to provide adequate information for the Court, creditors, and parties-in-interest to make a determination regarding if the approval of the Motion is appropriate. The Motion should be overruled

without prejudice to allow the Debtor to address the issues set forth above.

WHEREFORE, for the reasons set for above, this Court should enter an Order:

1. Overruling the Motion without prejudice to allow the Debtor to address the issues set forth above, and

2. Granting such other and further relief as is just, proper, necessary or appropriate.

Dated this the 9th day of January 2008.

        Richard F. Clippard
        United States Trustee

        By Counsel

        /s/ Philip L. Hanrahan
        Philip L. Hanrahan
        Trial Attorney
        100 East Vine St., Suite 500
        Lexington, KY 40507
        (859) 233-2822

## **CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was served on January 9, 2008, electronically via CM/ECF on those parties who receive electronic notice in this case

/s/ Philip L. Hanrahan
Philip L. Hanrahan